**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LUIS GERARDO ZAPATA MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CIMARRON CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-02164-JD |

## ORDER

Before the Court is Respondents' Response [Doc. No. 6] to Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. While they reserve their appellate rights, Respondents concede that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this Court's decision in this habeas action. [Doc. No. 6 at 3–4 & n.2].

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 10th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE